Peaesof, J.
To sustain the equity which the bill seeks to set up, two things must be alleged and proved, i. <?., 1st, That the agreement was, that the interest of tire plaintiff in the land should be assigned as a mere securityfor the debt. 2d, That the plaintiff was procured or induced to execute the assignment (which is an absolute one) by fraud, imposition or undue influence, advantage being taken of his necessitous condition.
In respect to the latter, the plaintiff fails, both as to the allegation and as to the proof.
The allegation is simply “ and’your orator did put his name to an assignment prepared by the said defendant on the back of said bond.” The proof is, that after the parties had made their agreement, they went to the house of the witness Green, (who is examined by the plaintiff;) the writing was read by defendant in the presence of the plaintiff; the plaintiff is illiterate and is a bad scribe, but the witness supposed, from what the parties said and did at the time, that the plaintiff understood the nature and extent of his bargain or contract, and still has no reason to doubt it; the witness saw no evidence of any fraud or imposition.
A decree that an absolute assignment shall be converted into, and stand as a mere security for a debt, upon this allegation and this proof, would be at variance with all of the cases decided by this Court, and disturb the doctrine upon this subject which is now settled.
. In respect to the former, the allegation is full enough; but the answer positively denies that the agreement was that the *176 land should be taken as a security for the debt, and avers that the agreement was for an absolute sale, and that the absolute assignment was drawn and executed in pursuance thereof: and that nothing was said about the plaintiff’s being allowed to repay the money and take back the land until after the execution of the assignment. The defendant admits, that “ immediately after the execution of the assignment, the plaintiff made some remark, complaining of the price which he had agreed to receive for his land, to which defendant replied that he would take his money and its interest, if paid within twelve months, to wliich plaintiff made no reply.”
So far from falsifying the answer by two witnesses, the plaintiff has not been able to prove by a single witness that, according to the agreement, in pursuance of which the assignment was executed, the land was to stand as a security for the debt; nor has he been able to prove, by a single witness, any admission of the defendant other than that which is set out in the answer, or any act, or fact, inconsistent with it: s'o the question is, after an absolute deed had been executed, is a gratuitous proposition that if the money and interest be paid in twelve months the party may have back the land, sufficient to convert the assignment into a mere security, supposing the proposition to have been assented to ?
"VVe were not referred to any case, and we are unable to see any principle upon which such a doctrine can be sustained. The agreement was executed before the proposition was made; so it did not enter into, or form a part of the agreement, and was merely gratuitous. The plaintiff, if we suppose he assented to it by his silence, was under no kind of obligation to repay the money and interest in twelve months; so there was no mutuality.
Pee CuRiAM, Bill dismissed.